HALL, Judge.
Plaintiff filed suit against the defendant homeowner to recover $2,655, the balance allegedly due under the terms of a building repair contract. The defendant answered the suit admitting the existence of the contract and partial payment of the total price but denying he owed plaintiff the balance of the contract price. Defendant also filed a reconventional demand alleging that plaintiff had breached the contract in that he failed to timely complete the work contracted for and had performed some of the services contracted for in an unworkman-like manner. Defendant, as plaintiff-in-re-convention, sought over $24,000 in damages allegedly occasioned by plaintiff’s delay and the faulty performance of the contract. After trial on the merits, the trial court rendered judgment in favor of plaintiff and against the defendant for $2,655 and rendered judgment on defendant’s reconven-tional demand against the plaintiff for $600. Defendant appeals and we affirm.
On appeal, defendant-appellant argues that the preponderance of the evidence clearly established that plaintiff failed to complete the work contracted for in a workmanlike fashion and thereby breached the contract; therefore, the trial court erred in awarding plaintiff judgment on the main demand. Additionally, defendant contends the trial court erred in denying him greater recovery on his reconventional demand for the damages occasioned by plaintiff’s failure to timely complete the work and plaintiff’s failure to complete some work in a workmanlike fashion.
Defendant wished to purchase his mother’s home in Shreveport and attempted to secure long-term financing from the Federal Housing Administration (FHA). Defendant secured a loan commitment for a loan at 10 percent but the FHA would not approve the loan until certain specified repairs on the home were completed and approved. Defendant secured a short-term loan from a local bank to cover the cost of the needed repairs and to pay off a preexisting debt of his deceased father and purchased the house on July 6, 1979. Defendant was then living in Mississippi and his mother continued to live in the house in Shreveport. Defendant secured estimates on the price of needed repairs from plaintiff and one other local contractor. Plaintiff’s estimate was prepared by plaintiff and one of his employees after defendant’s mother showed them what work she wanted done on the house. The requested repairs were itemized and plaintiff forwarded this list and the price he would charge to perform all the listed items to defendant in Mississippi. After several telephone conversations with defendant, plaintiff was told to begin work on the repairs. Several additional items of repair work were added to the initial list by agreement of the parties and the final contract price of $6,155 was agreed on.
*655 Under the terms of the agreement, plaintiff contracted to perform repair and renovation work on the interior and exterior of the house. The required work on the interi- or included patching of sheetrock where needed and spot texturing where patched; caulking around all doors, windows, and cabinets; and painting of all ceilings, walls, and trim. Work on the exterior included replacement of asbestos siding where needed; replacement of rotted facial and trim boards; scraping of old paint and painting of the asbestos siding and all trim; caulking around windows, doors, and facial and trim boards; and glazing all windows. Plaintiff began work on the house sometime in late September or early October 1979.
On October 2, 1979, defendant secured an additional short-term loan from the bank for over $5,000. On October 9, 1979 the FHA loan commitment expired. During the time plaintiff was working on the house, defendant had to pay the bank substantial sums in interest on the loans he had secured.
When plaintiff had completed about half of the repairs, defendant paid him $3,500. The entire job was completed by May 1980 and plaintiff made demand for the balance of the contract price. Defendant refused to pay the balance because of the delay in completion of the job and because of his dissatisfaction with some of plaintiff’s work. This suit ensued.
Plaintiff sought the balance of the contract price; defendant reconvened alleging that plaintiff breached the contract and sought return of the $3,500, the cost of completing the repairs in a workmanlike fashion and reimbursement for the interest he had to pay for interim financing.
The contract involved in this case is a building contract as defined in LSA-C.C. Art. 2756.[1] With regard to building contracts, LSA-C.C. Art. 2769 provides as follows:
“If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract.”
In Aireo Refrigeration Service, Inc. v. Fink, 242 La. 73, 134 So.2d 880 (1961), the court summarized the law applicable to cases controlled by Article 2769 as follows:
“... Under this codal provision the law is well settled that when the contractor has substantially performed a building contract which he has breached, he is entitled in a suit on the contract to recover the contract price less whatever damages the owner may prove attributable to the breach.
“Substantial performance of the contract is essential to warrant the application of this rule of law. For if the breached contract has not been substantially performed, the contractor may not recover on the contract, but is limited to recovery on quantum meruit.” [footnotes omitted]
Whether there has been substantial performance so as to permit recovery is a question of fact. “Among the factors to be considered are the extent of the defect or rion-performance, the degree to which the purpose of the contract is defeated, the ease of correction, and the use or benefit to the defendant of the work performed.” [footnote omitted] Aireo Refrigeration Service, Inc. v. Fink, supra.
The evidence of record clearly establishes that plaintiff substantially performed the contract. Plaintiff completed all the work he contracted to do and defendant has derived the use and benefit of plaintiff’s work. Therefore, plaintiff is entitled to recover the balance of the contract price less whatever damages defendant proves are attributable to the breach. Because the contract was substantially performed, defendant may not recover the $3,500 paid to plaintiff.
*656 The extent of the claimed nonperformance is that some of the work was not completed in a workmanlike fashion and that defendant suffered damages because of plaintiff’s delay in completing the job. Plaintiff’s witnesses, the employees who worked on the job, testified that the work performed by each was done in a workmanlike manner. Defendant offered the testimony. of a supervisor in the remodeling business, qualified as an expert estimator in the remodeling business, to establish that plaintiff’s work was not satisfactory. This witness testified that plaintiff’s patching of the sheetrock in the interior of the home was not done well; that there were gaps in the caulking around the windows; that some rotted facial boards had not been replaced; that the replaced asbestos siding did not match the original siding; and that the glazing of the windows could have been done better. This witness also testified that it would cost $500 to $800 to repair these defects and get the house in shape for FHA approval. The trial court allowed defendant to recover $600 on his reconven-tional demand which would cover the cost of correcting defects in the plaintiff’s work.
Defendant argues, however, that he should also recover the costs of interim financing which he incurred because of plaintiff’s delay in completing the work. Defendant relies on the case of Master Maintenance Engineering, Inc. v. McManus, 292 So.2d 284 (La.App. 1st Cir. 1974), in which the court allowed a homeowner to recover the cost of interim financing because of the builder’s delay in completing construction of a home. In that case, however, the building contract entered into by the parties specified that the work was to be completed by a certain date. In the instant case, no time limit for completion of the work was established by the parties; nor did defendant inform plaintiff of the need for a quick completion of the work. LSA-C.C.Art. 1943 limits a debtor’s liability for breach of contract only to those damages which were foreseen or might have been foreseen at the time of contracting.
Defendant’s failure to notify plaintiff of his interim finance dealings could be sufficient to defeat defendant’s demand for recovery of the costs of interim financing. Additionally, it should be noted that much of the delay in completing the work must be attributed to defendant’s mother who was living in the house while the repair work was being done. The testimony establishes that on several occasions plaintiff’s employees were refused admittance to the house to do their work. Additionally, defendant’s mother often required plaintiff and his employees to work around her schedule which caused significant delay.
Finally, it must be noted that defendant seeks reimbursement for interest payments in the sum of $5,057.50, constituting interest plaintiff had to pay on two loans totaling approximately $21,300. Defendant testified he first secured a loan of $16,000, $9,000 of which he used to pay an outstanding debt incurred by his deceased father. The remaining $7,000 was to be used to pay for the repair work. The second loan defendant secured was, according to defendant’s testimony, to be used to buy a washer and dryer, curtains and other such items for the house. Clearly then, over two-thirds of the total indebtedness incurred by defendant cannot be deemed to be interim financing. We are unable to determine from the record what portion of the interest paid is attributable to actual interim financing. Defendant simply failed to establish with specificity the amount of this element of damages and, as noted above, failed to establish that plaintiff should have foreseen this consequence of a delay, and failed to establish that the delay in completing the work was attributable to plaintiff. For these reasons the defendant is not entitled to be reimbursed by plaintiff for the interest he had to pay on his loans.
In sum, the trial court did not err in allowing plaintiff recovery on the main demand because plaintiff established substantial performance of the contract. The judgment allowing defendant damages of $600 on his reconventional demand is also without error, defendant having failed to estab *657 lish that plaintiff’s breach of the contract caused him to suffer greater damages.
For the reasons assigned, the judgment of the trial court is affirmed in its entirety. Costs of the appeal are assessed to the defendant-appellant, Ronald V. Adley.
Affirmed.

. “Art. 2756. To build by a plot, or to work by the job, is to undertake a building or a work for a certain stipulated price.”