413 So.2d 554 (1982)
PETE'S PLUMBING AND HEATING, INC.
v.
Elaine Caire, wife of/and George H. GEISSERT, Jr.
No. 12881.
Court of Appeal of Louisiana, Fourth Circuit.
April 7, 1982.
Michael D. Hannan, New Orleans, for plaintiff-appellee.
James G. Maguire, Pitard, Pitard & Porobil, A Professional Law Corp., New Orleans, for defendants-appellants.
Before GULOTTA, CIACCIO and LOBRANO, JJ.
CIACCIO, Judge.
The plaintiff, a plumbing contractor, filed suit, pursuant to a written construction contract, to recover monies allegedly due for the renovation of the defendant's residence. The suit also sought to enforce a materialmen's lien against the property. The trial court granted judgment in favor of the plaintiff in the amount of $3,000.00, recognizing the plaintiff's lien against the property and dismissing the defendant's reconventional demand. The defendant filed this devolutive appeal.
On July 13, 1979, Mr. and Mrs. George Geissert contracted with Pete's Plumbing & Heating, Inc. for plumbing work to be performed at their residence located at 1529 *555 Broadway Street.[1] The contract was for $7,700.00 and stipulated three separate payments: $3,000.00 on July 27, 1979; $3,000.00 on August 3, 1979 and $1,700.00 upon the completion of the work.
The plaintiff began work on the job shortly after the execution of the contract. The initial payment for the plumbing work due on July 27, 1979 was not paid timely but was paid a short time thereafter. The remaining installments on the contract were never paid. The plaintiff stopped work on the job before completion, due to nonpayment by the defendants. He filed suit to collect the second payment of $3,000.00 owed to him under the contract. The defendants answered the suit and filed a reconventional demand alleging that the work which petitioner had performed was not done in a workmanlike manner, that it was subject to various defects and claimed $3,000.00, the amount allegedly paid, for remedial and corrective plumbing work.
Two issues are presented to us on appeal. (1) Was the building contract "substantially performed" by the plaintiff-contractor? (2) If so, is the defendant-owner nevertheless entitled to recover damages for the cost of remedial work required to correct the defects claimed to be due to faulty workmanship?
Where a contractor attempts to recover the balance of a contract price, he must prove that he has substantially performed the contract in question. Neel v. O'Quinn, 313 So.2d 286 (La.App., 3rd Cir., 1975), writ den., 319 So.2d 440. "Substantial performance" within this context means that the construction is fit for the purpose intended. Neel v. O'Quinn, supra. The question of whether there has been substantial performance is a fact determination. Airco Refrigeration Service, Inc. v. Fink, 242 La. 73, 134 So.2d 880 (1961). Some factors to be considered in reaching a conclusion as to whether there has been substantial performance of a contract are: the extent of the defect or nonperformance, the degree to which the purpose of the contract is defeated, the ease of correction, and the use or benefit to the owner of the work performed. Airco Refrigeration Service, Inc. v. Fink, supra. We have reviewed the record in this matter and we find that there is no dispute that the plumbing work for which the parties contracted was not fully completed. The parties are generally in agreement as to the specific items of plumbing work which were completed. The witness and parties testified to the completion of extensive underground plumbing work and various items of surface plumbing work.[2]
Although the trial court has provided no written reasons for judgment, it appears from its judgment that it found that the plaintiff had substantially performed his obligations under the plumbing contract. The record supports this finding. There was extensive plumbing work completed on this job, and the work was fit for the purpose for which it was intended. We find no manifest error in this regard.
The defendants argue that the plaintiff's work was not done in a workmanlike manner. Therefore, they contend that the trial court erred in awarding plaintiff $3000.00 under the plumbing contract, and defendants claim they should be awarded damages for plaintiff's failure to complete the work or for his failure to perform the work in a good and workmanlike manner, free from defect in either material or workmanship.
If a building contractor fails to perform the work for which he has contracted, or if he does not execute it in the manner and at *556 the time agreed upon, he shall be liable in damages for the loss occasioned by his nonperformance. C.C. 2769. It is implied in every building contract that the contractor will perform his work in a skillful, careful, diligent and workmanlike manner. Wetmore v. Blueridge, Inc., 391 So.2d 951 (La. App., 4th Cir., 1980).
Once the contractor has proven substantial performance of the contract, the burden shifts to the owner to show defects and omissions on the part of the contractor and the cost of repairing these items. Loeb v. Neilson, 128 So.2d 447 (La.App., 4th Cir., 1961).
Where the contractor has proven substantial performance, but defects exist, the contract price is reduced by the amount necessary to perfect the work. Neel v. O'Quinn, supra. If the contractor fails to prove substantial performance of the contract, he is relegated to recovery on the basis of quantum meruit. Master Maintenance Engineering, Inc. v. McManus, 292 So.2d 284 (La.App., 1st Cir., 1974).
In this case the record reveals that the plaintiff walked off the job because he was not given the second installment payment on the building contract. The exact time of this event is in dispute, but it is clear that no plumbing work was performed by the plaintiff after the end of August, 1979. With regard to the plumbing work which was completed, the testimony of the defendants reflects a dissatisfaction with the manner in which the plumbing work was completed.
The defendants contended that the major problem concerning the plumbing work was the placement of the drain rough-ins in the bathroom, alleging that they were placed too close to the wall and too close to each other to accommodate the plumbing fixtures, and that they were required to relocate the drains and had to dig up the slab to accomplish this. Plaintiff contends that he installed the drains exactly as called for on defendant's plan and that any discrepancy in the placement of the drains resulted from the defective construction of a cement wall by another subcontractor for which he was not responsible, and the necessity for defendant to install a stud wall inside the cement wall changed the dimensions of the plan. Plaintiff testified that although the additional wall did throw out the rough-in measurements somewhat, the fixtures could still be installed with minor adjustments and it would not be necessary to break the slab and relocate the rough-ins.
This was a factual dispute decided in plaintiff's favor by the trial judge and we see no error in our examination of the record.
Additional factual disputes arose with regard to whether or not the construction plans drawn up by the defendant, George Geissert, were an exact representation to be followed by the plaintiff or merely a guideline, whether or not the drain installation would accommodate a tub of a certain length and whether or not other defects were found in the work that had been completed by plaintiff. The defendants offered no expert testimony by any other licensed master plumber, nor did they offer competent evidence of the cost of repairing the deficiencies complained of, nor did they offer proof of payment of any amounts in connection with the corrective work allegedly undertaken. Under these circumstances the trial court apparently concluded that the plumbing job was substantially performed, that the defendants had not sustained their burden of proving the existence of defects and omissions on the part of the contractor and the cost of repairing these items, and accordingly awarded the plaintiff a judgment in the sum of $3,000.00 for the work performed under the terms of the contract.
Our review of the record does not convince us that the trial court was clearly wrong in its findings. Arceneaux v. Domingue, 365 So.2d 1330 (La., 1978).
For the reasons assigned, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the defendants.
AFFIRMED.
NOTES
[1] The work consisted of plumbing and sewerage facilities to outfit a washroom, two complete bathrooms and a kitchen.
[2] In testimony, Mr. & Mrs. George Geissert, Mr. Peter Graffeo and Mr. Michael Callahan agreed that the plaintiff performed the underground work and rough in work for two bathrooms, two kitchen sinks, a washer and dryer tray. The parties agree that plaintiff relocated and replaced the drain for the upstairs washer; completed the stacks for the basement; installed a four inch ABC pipe on the side of the house; provided the drain for the tub and commode; installed a four inch cast iron sewer for the basement and roughed in for the Menge pump.