446 So.2d 420 (1984)
GIBBENS POOLS, INC.
v.
Mr. & Mrs. John William CORRINGTON.
No. CA 1048.
Court of Appeal of Louisiana, Fourth Circuit.
February 9, 1984.
Writ Denied March 23, 1984.
*421 John M. Garic, Post, Reinhardt & Rougelot, Metairie, for plaintiff-appellant.
Martin L. Broussard, Jr., New Orleans, for defendants-appellees.
Before SCHOTT, KLEES and CIACCIO, JJ.
SCHOTT, Judge.
This suit was brought by a swimming pool contractor for the balance of the price ($3,156 out of the total price of $22,315) due under a contract for the construction of a pool for defendants. The trial court found that plaintiff failed to prove completion of the pool and dismissed plaintiff's suit. The court also awarded defendants $857.30 on their reconventional demand. Plaintiff has appealed but defendants have not appealed or answered plaintiff's appeal. The issues are whether or not plaintiff substantially performed the contract and whether the action of the trial court was the correct application of the doctrine of substantial performance.
*422 Plaintiff worked on the pool from March until October, 1979, when defendants employed another contractor to complete the work. At this point the gas connection had not been made for the pool's heater; the electrical work was defective in that the pump was not grounded, an interior light was inoperative because it was never connected, the operation of the pool equipment caused fuses in the house to be blown necessitating connection to the main circuit breaker and installation of an extra electrical panel, the wiring from the pool to the junction was enclosed in plastic tubing rather than concrete or metal as required by the code, and the junction box was below the pool's water level with the result that water came out of the switch; the pool water was not treated so that it was green and contained construction debris, the relief valve did not operate; the vacuum equipment was improperly installed; there were two leaks in the skimmer openings; the drain line was not connected to the city drainage system; and operating instructions and warranty manuals were never delivered. In addition, the contour of the pool was not in compliance with the architect's specifications so that it was dangerous for swimmers to use the diving board. These facts, although denied by plaintiff, were established by defendants' witnesses to the apparent satisfaction of the trial judge, and his findings are not manifestly erroneous.
When a building contract is substantially performed, the contractor is entitled to recover the contract price less whatever damages the owner proves are attributable to the breach, that is, the cost to the owner of remedying defects. If the contractor fails to prove substantial performance he is entitled to recover on a quantum meruit basis only for the work performed. Whether or not there has been substantial performance is a fact question depending upon the extent of the defect or non-performance, the degree to which the purpose of the contract is defeated, the ease of correction, and the use or benefit to the owner of the work performed. LSA-C.C. Art. 2769; Airco Refrigeration Service, Inc. v. Fink, 242 La. 73, 134 So.2d 880 (La.1961); Pete's Plumbing & Heating, Inc. v. Geissert, 413 So.2d 554 (La.App. 4th Cir.1982).
In the present case the trial court did not make a specific determination on the question of substantial performance. In his findings the judge stated only that "plaintiff failed to offer proof of the completion of the pool as per the contract." He went on to reject defendants' claim for $2,000 of expenses they incurred to complete the pool because "these expenses are not properly documented as to amount." Nonetheless, he dismissed plaintiff's suit for the contract balance.
We cannot reconcile the court's judgment with the principles summarized above. Thus, we have considered remanding the case for a factual determination of substantial performance or not together with a corresponding adjudication of damages for defendants or quantum meruit for plaintiff. However, we have concluded that the fairer, more efficient, and practical result is to decide the case on the record considering that there was legal error implicit in the fact finding process by the trial court and the record before us is otherwise complete. Ragas v. Argonaut Southwest Ins. Co., 388 So.2d 707 (La.1980).
The testimony of the second contractor who was hired to complete the work establishes that all of the defects except the one regarding the contour of the pool were corrected with relative ease. There was not a great deal of time required for the work and the charges, $2,000, even if reasonable, were not substantial in relation to the contract price of over $22,000. Even before the corrections the pool was useable as such even though with inconvenience because of the defects. We cannot conclude that the purpose of the contract was defeated to a substantial degree. Defendants obtained the use of a pool despite the presence of defects to be corrected.
The most serious defect bearing on the question of substantial performance *423 was with the contour of the pool. Defendants' architect specified that the pool was to have a more gradual change from deep water under the diving board to shallow water than the one installed by plaintiff. As constructed, the grade from deep to shallow water was abrupt and so close to the diving board that its use was dangerous. Divers had to be warned to dive straight down to avoid accidents. However, we are not persuaded that plaintiff failed to prove substantial performance because of this defect. Although the pool was below the standards required for public pool construction where diving was contemplated it was built in accordance with residential pool standards. At some point early in the construction stage of the pool's contours the architect called defendant's attention to the problem but the latter declined to take action because he envisioned an interminable delay in the project considering how slowly the pool progressed to that point. However, when the pool was completed defendant realized the extent of the inconvenience caused by the defect which was clearly the result of plaintiff's failure to build the pool as planned. Defendants could use the pool for swimming and for divingalthough with caution. Since the pool was fit for the purpose intended the contract for its construction was substantially performed. Airco Refrigeration Service, Inc. v. Fink, supra. Thus, plaintiff is entitled to judgment on the main demand.
Turning to defendants' reconventional demands, the record shows that they paid another contractor $2,000 to finish the work, but the trial judge questioned this amount. Even so, this work did not encompass the defective contour of the pool. There was no evidence as to what it would have cost to remedy this defect, but even at the time it was discovered, remedial work would have been extensive. The bottom of the pool would have been torn up and extensive work would have been required to prevent leakage when the bottom was reconstructed. Clearly, the cost of this work plus the remedying of all the other defects would have exceeded the contract balance of $3,156. Thus, we agree with the observation made by defendants' counsel in his brief that the ultimate result reached by the trial court was fair.
As to the award to defendants on their reconventional demand for additional architectural fees in the amount of $857.30, the record supports the award. The testimony of the architect and defendant established that this fee was incurred for services rendered after plaintiff left the job in the completion of the work and was paid by defendants.
Accordingly, the judgment is affirmed.
AFFIRMED.
CIACCIO, J., concurs.
CIACCIO, Judge, concurring:
I concur in the result.