LOBRANO, Judge.
Raymond Dobard, defendant appeals a judgment in favor of Oscar Daste and Sons, Inc. in the amount of $5,399.02, plus interest and costs for non payment of a construction contract.
FACTS:
Mr. Dobard is the non-resident owner of immovable property located at 1427-1429 Touro Street in New Orleans. Daste is a masonry contractor working in New Orleans. Because of the property’s deplorable condition, Dobard elected to repair the building and requested assistance in finding a contractor from his cousin, Lloyd Garion. Mr. Garion approached Daste and asked him to repair and remodel the premises. Daste contacted Dobard at his resi *1333 dence in Berkeley, California, and they entered into a series of verbal and written communications concerning the Turo Street property. The initial work required Daste to erect a brick veneer on the front of the building. The estimate for this work was $2,700.00.
Daste obtained the necessary permits from the City and began his work in October, 1981. Daste remained in daily contact with Dobard through letters and various telephone calls. As various problems were encountered, Daste would check with Do-bard and inform him of the situation and obtain his permission before proceeding with corrective work.
On October 28, 1981 Dobard sent a $2,000.00 check to Daste as partial payment. However, to complete the requested work, it was necessary for Daste to do some foundation work, including leveling the house. On November 5, 1981, Daste sent a statement to Dobard showing a total of $3,266.33 for the work done to date, and requested a check for the balance of $1,266.33.
This check was sent on November 10, 1981. Dobard then traveled to New Orleans around November 16, 1981 and visited the property. According to the testimony of Daste, Dobard requested additional work on the house. Daste started this additional work which consisted of putting flooring down in the kitchen, patching the floor, and putting in two bathrooms.
On December 1, 1981, Daste received a letter from Dobard requesting him to stop work on the house due to lack of financing, and to mail a statement for materials and labor. Daste stopped work, boarded up the house and sent Dobard a bill for $5,399.02. Daste made several requests for the amount owed but was unsuccessful. On February 11, 1982 Daste filed this suit requesting payment.
PROCEEDINGS BELOW
When the suit was initially filed, a curator ad hoc was appointed to represent Do-bard, and a writ of attachment was issued against the property. Subsequently, Do-bard retained his own counsel. However, throughout the course of this litigation and, even though Dobard was represented by counsel, Dobard has elected to represent himself. Dobard’s attempts to represent himself have created a confused record which we shall attempt to put in perspective.
Dobard files this appeal pro se and submits a lengthy and confused brief in support of his assertions. We group the issues as follows:
1) Appellant was denied due process because of improper and/or insufficient notice of trial, and negligence of counsel.
2) Appellant’s reconventional demand was improperly dismissed.
3) The record is in error and appellant should be allowed his version of the operative facts.
4) The trial court erred in rendering judgment against appellant.
NOTICE OF TRIAL
A review of the record shows that although this matter was filed February 26, 1982, trial was not held until May 13, 1986. Judgment was rendered December 12, 1986.
Dobard complains he was not properly notified of the May 13th trial date. The record shows this matter was set for trial numerous times and was continued on all but one occasion by Dobard. The record contains pleadings by “mailgram” from Do-bard requesting continuances and other pre-trial discovery.
On the April 21, 1986 trial date, even though all parties were properly notified, Dobard by mailgram advised the court that he didn’t learn of that date until April 17, 1986 and réquested that it be continued. The Court reset the matter for May 13, 1986. Mr. Foto as counsel for Dobard was present and notified.
The record shows that Dobard was once again advised of this trial date by letter *1334 from Mr. Foto. This notice was received by him on April 29, 1986. Documents filed by Dobard on May 6th indicate he was aware of the May 13th date. Furthermore, Dobard contacted the commissioner hearing this matter the day before the trial, to discuss additional motions he had filed. She advised him again of the trial set the next day and that he should be present.
Dobard argues that La.R.S. 13:1171(D) requires notice of trial to be served by the civil sheriff. That statute was amended in 1984 and eliminates the necessity of that type of notification. It therefore has no effect on the May 1986 trial.
The record shows that Dobard’s counsel of record was properly notified of the trial, and thus Dobard was also properly notified. His attorney sent this notice to him by registered mail.
We find no due process violation given the facts and history of this case. After numerous continuances, it was well within the discretion of the trial court to proceed with the matter.
NEGLIGENCE OF COUNSEL
Dobard claims he was denied a fair trial because of lack of representation and/or ineffective counsel.
Throughout this litigation Dobard has attempted to represent himself, and be represented by counsel. On April 21, 1986 Mr. Foto attempted to withdraw as Dobard’s attorney. The Court refused unless Foto could produce Dobard’s written permission to do so. At that time, the Court also set the May 13th, trial date. As previously stated Dobard was advised of that trial date. On the morning of the trial, Foto was allowed to withdraw as counsel for Dobard. The commissioner stated that her telephone conversation with Dobard the previous day convinced her he no longer desired Foto’s representation. The matter went to trial as scheduled, and Daste presented his evidence on the merits.
We find that there is no denial of a fair trial. Dobard was well aware of the trial date and the necessity for his presence. His insistence, over the recommendations of Mr. Foto and the commissioner, that he represent himself suggests dilatory tactics that cannot be used as a claim for due process violations.
RECONVENTIONAL DEMAND
Dobard filed a reconventional demand against Daste. That demand was never properly served on Daste. Article 1063 of the Code of Civil Procedure provides:
“The petition in reconvention, whether incorporated in the answer to the principal action or filed separately, shall be served on the plaintiff in the principal action in the manner prescribed by Article 1314.”
Article 1314 provides:
“A pleading which is required to be served, but which may not be mailed or delivered under Article 1313, shall be served by the sheriff, either on the adverse party in any manner permitted under Articles 1231 through 1265, or personally on the counsel of record of the adverse party.”
The record shows that the reconventional demand was never properly served on Daste. Dobard’s reliance on Article 1313 is misplaced since that article is not applicable. Furthermore Dobard is mistaken in his belief that the reconventional demand was dismissed. It was not dismissed, the Court did not consider it because issue had not been joined.
NARRATIVE OF FACTS
Dobard attempts to supplement the record with a narrative of facts. This is improper.
A narrative of facts is used only when there is no testimony recorded in the trial court, and is prepared by the trial judge or agreed to by the parties. La.C.C.P. Articles 2131; 2132. The transcript of the proceedings held on April 21, 1986, May 13, 1986 and December 12, 1986 are in the record. We find no legal support to allow appellant’s narrative of facts.
JUDGMENT OF THE TRIAL COURT
This matter was heard before a commissioner on May 13, 1986. The commissioner *1335 filed her report with the district court on August 11, 1986 and recommended judgment in Daste’s favor in the amount of $5,399.02, plus interest and costs. The trial court, over the exceptions filed by Dobard, accepted the commissioner’s recommendation, and granted judgment accordingly.
The evidence supports the following factual conclusions. Daste and Dobard contracted to renovate Dobard’s property on Touro Street. The contract initially provided for the construction of a brick veneer on the front of the house. At various times, Dobard requested or approved additional work. The cost of the initial work was $2,700.00, of which Dobard paid $2,000.00. Additional work, as shown on Daste’s November 5,1981 statement, showed the total cost at $3,266.33, leaving a balance of $1,266.33. Dobard paid this amount on November 10, 1981.
Daste testified that additional work was requested by Dobard on his visit to New Orleans around November 16,1981. Daste was notified to cease work on December 1, 1981. The testimony and evidence in the record substantiates the labor, materials, taxes and loss profit owed as a result of the additional work.
Civil Code Article 2765 forms the basis for a contractor’s claim in quantum meruit. That article provides:
“The proprietor has a right to cancel at pleasure the bargain he has made, even in case the work has already been commenced, by paying the undertaker for the expense and labor already incurred, and such damages as the nature of the case may require.”
Once advised to stop work, Daste’s claim for work already incurred arose. In an action for quantum meruit the contractor is entitled to recover as much as he reasonably deserves for his services, and the time and labor required. Southern Mosaic Tile, Inc. v. Alessi, 411 So.2d 601 (La.App. 1st Cir.1982).
Dobard’s argument that the contract is void because it was not recorded has no merit. Dobard argues the requirements of La.R.S. 9:2756 require rec-ordation. That statute has no application to the issues before us. It pertains to the necessity of recordation in conjunction with the lien and privileges granted by the Private Works Statute. Lack of recordation has no effect on the validity of a contract as between parties to that contract.
We find no error in the trial court’s judgment.
AFFIRMED.