ROLAND L. BELSOME, Judge.
|; Defendant, Alicia Ayo, appeals a lower court’s judgment in favor of Thomas Henderson, d/b/a Henderson Home Repair Service, L.L.C., (“Mr. Henderson”) in the amount of $20,000. For the following reasons, the judgment of the lower court is affirmed.

FACTS AND PROCEDURAL HISTORY

This litigation arises from a dispute concerning a contract between the parties for repairs to property damaged by Hurricane Katrina and owned by Ms. Ayo, the appellant. Ms. Ayo’s property is located at 2482 Dreux Avenue, New Orleans, Louisiana.
On September 11, 2007, Ms. Ayo entered into a written contract with Mr. Henderson to repair her residence. Under the terms of the contract, Mr. Henderson agreed to furnish labor and materials to repair the defendant’s home, and Ms. Ayo agreed to pay Mr. Henderson $53,000. The contract provided a payment schedule. Ms. Ayo was to pay an initial down payment of $20,000; a second payment of $20,000 after all sheetrock was installed; a third payment of $10,000 after ^installation of baseboards, flooring, doors, and interior painting; and a fourth payment of $3,000 after final completion.
On December 26, 2007, Ms. Ayo made the initial payment, which was three and a half months after the contract was signed. Mr. Henderson commenced work on Ms. Ayo’s property within a reasonable period of time after receiving the initial down payment. Mr. Henderson worked on Ms. Ayo’s property until March 2008, when Ms. Ayo terminated the contract. Mr. Henderson completed the second part of the project; however, he never received the second payment of $20,000 as called for under the terms of the contract.
On January 16, 2009, Mr. Henderson filed suit to recover the balance owed pursuant to the contract from Ms. Ayo. In response, Ms. Ayo filed an answer to Mr. Henderson’s petition for damages and filed a reeonventional demand against Mr. Henderson. Ms. Ayo alleged that the work performed on her home was inferior in quality, and that she incurred additional expenses in the amount of $29,903 to complete the renovation and repair of her home. Ms. Ayo further alleged that Mr. Henderson failed to honor the terms of their contract, thus, she should be awarded $29,903.
On January 26, 2011, this matter proceeded to trial. After a bench trial on the merits, the court entered a judgment in favor of Mr. Henderson. The court issued written reasons for judgment, specifically ruling that Mr. Henderson convincingly proved that he completed the second part of the contract that would have entitled him to the second payment of $20,000 as agreed under the contract. |sThe court found that Mr. Henderson submitted evidence that showed where he continued to purchase building materials and engaged the services of subcontractors until March 12, 2008. The court noted that Ms. Ayo did not provide any evidence to refute Henderson’s expenditures. In regards to Ms. Ayo’s reeonventional demand, the court denied her reeonventional demand due to her initial breach of the contract. *644 Ms. Ayo timely filed an appeal with this Court.

ASSIGNMENT OF ERRORS

The appellant did not specifically identify her assignment of errors, however, a review of the appellant’s brief indicates that Ms. Ayo takes issue with the award of $20,000 to the appellee, Mr. Henderson, and the trial court’s dismissal of her recon-ventional demand.

STANDARD OF REVIEW

The factual findings made by the trier of fact are entitled to great weight on appellate review. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). “It is well settled that a court of appeal may not set aside a trial court’s or jury’s finding of fact in the absence of ‘manifest error’ or unless it is ‘clearly wrong,’ and where there is a conflict in the testimony, reasonable evaluations of credibility of and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are reasonable ...” Id. Therefore, the appropriate standard of review is manifest error/clearly wrong in light of the subsequent trial on the merits of appellee’s claim and appellant’s claim for reconven-tional demand. Firstar Commc’ns of La., L.L.P. v. Tele-Publishing, Inc., 2000-2219 & 2000-220,4 p. 5 (La.App. 4 Cir. 08/29/01); 798 So.2d 1032, 1035. The standard of review for a damage award for breach of contract is whether the trial court abused its discretion. Taaffe v. Factory Direct Installations, Ltd., 2008-0175, p. 14 (La.App. 4 Cir. 04/15/09); 13 So.3d 562, 569.

ANALYSIS

On appeal, Ms. Ayo, argues that the trial court erred in dismissing her reconventional demand due to her initial breach of the contract between herself and Mr. Henderson. Appellant contends that even though her initial payment to Mr. Henderson was considerably late, Mr. Henderson negotiated the check, accepted the funds, and began working on the property. Ms. Ayo argues that pursuant to La. Civ.Code art. 1780, Mr. Henderson renounced the terms of the contract and waived his right to enforce the terms of the contract.[1] Appellant further contends that she is entitled to an award of $3,000 for her loss of rental income due to the delay in the completion of the home repairs. Finally, Ms. Ayo avers that the trial court’s award of $20,000 to Mr. Henderson was improper.
Appellee submits that the trial court properly dismissed the appellant’s recon-ventional demand at trial. The appellee contends that appellant’s reconventional demand is merely a request for delay damages, which are the expenses and costs incurred by Ms. Ayo due to the alleged delay by Mr. Henderson in completing the work pursuant to the contract. Appellee submits that he incurred substantial out-of-pocket expenses in purchasing materials, engaging subcontractors, and paying day laborers over a substantial period of time, for which he was never reimbursed. Mr. Henderson further submits that even if his |fiacceptance of the delayed payment and continuation of work is a waiver of any objection to Ms. Ayo’s breach, it is immaterial. Mr. Henderson is not seeking damages from Ms. Ayo’s breach. Mr. Henderson merely wants to be compensated for the work he completed. The appellant further submits that the trial court properly concluded that the second part of *645 the contract was completed, thus entitling him to a second payment of $20,000.
A contract is the law between the parties, and the parties will be held to full performance in good faith of the obligations flowing from the contract. La. Civ.Code art. 1983.[2] The contract involved in this case is a building contract as defined in La. Civ.Code art. 2756.[3] A building contract is an agreement in which one party undertakes to construct a building for a specified price and furnishes either his work alone or his labor and materials. La. Civ.Code art. 2756 and 2757.[4] The price is compensation for the work performed and materials used in the construction project. Id. It is implicit in every building contract that the contractor’s work be performed in a good, workmanlike manner, and free from defects in materials or work. Pete’s Plumbing & Heating, Inc. v. Geissert, 413 So.2d 554, 556 (La.App. 4 Cir. 04/07/82).
The applicable law stating the rights and responsibilities between the parties in a building contract is found in our Civil Code, Book III, Title IX, Section 3, entitled “Of Constructing Buildings According to Plots, and Other Works by Job, and of Furnishing Materials.” Maltzahn v. Roch, 427 So.2d 586, 588 (La.App. 5 | fiCir. 02/07/83). Under Louisiana law, the owner of a construction project has the statutory right to terminate a contract to build even though the contractor has commenced work on the project. La. Civ. Code art. 2765[5]; Oscar Daste & Sons, Inc. v. Dobard, 516 So.2d 1331, 1335 (La.App. 4 Cir. 12/15/87), writ denied, 520 So.2d 743 (La.03/11/88). However, the owner of the construction project must pay the contractor for his completed work. Id.; Dugue v. Levy, 114 La. 21, 37 So. 995, 999 (12/05/1904). On the other hand, if the contractor fails to do the work he has contracted to perform, or does not execute in the manner agreed to he is liable in damages for losses that may ensue from his noncompliance with the contract. La. Civ.Code art. 2769.[6] The owner should be placed in the position he deserved to be in when the building was completed. Id.; Rice v. Mesa General Contractor, L.L.C., 2008-115, p. 12 (La.App. 5 Cir. 05/27/08); 986 So.2d 122, 129.
After reviewing this record, we cannot say the trial court was clearly wrong in finding that Mr. Henderson was entitled to $20,000 for his completion of work. Once Mr. Henderson was advised to stop working on Ms. Ayo’s property, Mr. Henderson’s claim for completed work arose. Civil Code Article 2765 forms the *646 basis for a contractor’s claim in quantum meruit. In an action for quantum meruit the contractor is entitled to recover as much as he reasonably deserves for his services, and the time and labor required. Oscar, 516 So.2d at 1335. During the trial, Mr. Henderson testified that under the terms of the contract he installed insulation on the exterior of the walls and ceilings; installed sheet rock on all |7exterior and interior walls and ceilings; taped, floated, textured, and painted the walls and ceilings; and installed three interior doors. Mr. Henderson also submitted numerous receipts showing his expenditures for materials and labor to complete the renovation to Ms. Ayo’s property. These receipts were admitted into evidence without objection from Ms. Ayo. Moreover, Ms. Ayo offered no evidence at trial to refute Mr. Henderson’s expenditures for materials and laborers and subcontractors hired to renovate Ms. Ayo’s home. A review of the contract evidences that Mr. Henderson was to be paid an initial payment of $20,000 and after all sheetrock was installed a second payment of $20,000. Based on the testimony of Mr. Henderson and even Ms. Ayo’s witnesses, the sheet-rock was installed in Ms. Ayo’s home. Applying the law of quantum meruit entitles Mr. Henderson to be paid for the work he undertook, which the trial court properly found to be $20,000. Since Mr. Henderson only sought to be compensated for work he already completed, appellant’s claim that Mr. Henderson cannot recover $20,000 pursuant to the terms of the contract has no merit.
In regards to appellant’s claim for $3,000 for monthly rent lost from the rental of her residence, appellant’s recon-ventional demand is merely a claim for damages for the delay in completion of the contract. We find the trial court properly dismissed Ms. Ayo’s reconventional demand because of her initial breach of the contract. Under Louisiana law, parties to a contract may stipulate the damages to be recovered where there is a nonperformance, defective performance, or delay in performance of an obligation. La. Civ. Code art. 2005.[7] A stipulated |sdamages clause is designed to fix the measure of damages in advance and to help ease the burden of proving loss with certainty. Heirs of Gremillion v. Rapides Parish Police Jury, 493 So.2d 584, 587 (La.09/08/86); Philippi v. Viguene, 606 So.2d 577, 579 (La.App. 5 Cir. 09/29/92), writ denied, 609 So.2d 226 (La.12/11/92). No showing of pecuniary or other actual damage is required to enforce the clause. Id. If liquidated damages are set forth in the contract, then the non-breaching party will be entitled to those damages for delay. Ball Marketing, Inc. v. Sooner Refining Co., 422 So.2d 582, 585 (La.App. 3 Cir. 11/12/82), writ denied, 427 So.2d 1213 (La.01/28/83). However, where the parties have not stipulated to damages, the court will determine what damages to award for a party’s breach of the contract.
In the instant case, the contract between Ms. Ayo and Mr. Henderson did not contain a provision for stipulated liquidated damages. Thus, Ms. Ayo’s recovery is limited to her actual damages. However, since Ms. Ayo decided to pay the initial down-payment required under the contract more than three months after the contract was signed, she cannot now claim that Mr. *647 Henderson’s delay in performance caused a loss to her. Ms. Ayo’s own delay caused a loss to her if any loss. See Bynog v. Adley, 406 So.2d 653, 656 (La.App. 2 Cir. 11/02/81) (The trial court’s award of $600 on the homeowner’s reconventional demand for delay damages was affirmed where the homeowner caused much of the delay in the contractor completing the work.). At trial, Ms. Ayo testified that she suffered a loss of rental income in the amount of $3,000 for Mr. Henderson’s delay in construction. However, Ms. Ayo did not submit any evidence regarding the market rental value of her home or the reasonable period of loss of rent attributable to her terminating Mr. Henderson and hiring a new contractor. We cannot find that ] 9the trial court abused its discretion in deciding to dismiss Ms. Ayo’s claim in reconvention with prejudice.
Accordingly, we affirm the judgment on the main demand and reconventional demand.
AFFIRMED.

. La. Civ.Code art. 1780 provides:
The party for whose exclusive benefit a term has been established may renounce it.

. La. Civ.Code art. 1983 provides:
Contracts have the effect of law for the parties and may be dissolved only through the consent of the parties or on grounds provided by law. Contracts must be performed in good faith.

. La. Civ.Code art. 2756 provides:
To build by a plot, or to work by the job, is to undertake a building or a work for a certain stipulated price.

. La. Civ.Code art. 2757 provides:
A person, who undertakes to make a work, may agree, either to furnish his work and industry alone, or to furnish also the materials necessary for such a work.

. La. Civ.Code art. 2765 provides:
The proprietor has a right to cancel at pleasure the bargain he has made, even in case the work has already been commenced, by paying the undertaker for the expense and labor already incurred, and such damages as the nature of the case may require.

. La. Civ.Code art. 2769 provides:
If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract.

. La. Civ.Code art. 2005 provides:
Parties may stipulate the damages to be recovered in case of nonperformance, defective performance, or delay in performance of an obligation.
That stipulation gives rise to a secondary obligation for the purpose of enforcing the principal one.