STEPHEN J. WINDHORST, Judge.
^Defendants, Abdul Rahman Khan, Hafiz Tayyab Siddiqui, Abdul Sattar Khan, Dr. Mohammad A. Naeem, A. Baqi Khan, and Syed Zubair Ahmed, appeal from a judgment of the trial court awarding dam *282 ages for breach of a settlement agreement in the amount of $3,500.00. We affirm the judgment of the trial court.
Plaintiff, Riaz Hussain, instituted this proceeding by filing a petition for damages for defamation, alleging that Defendants had distributed a letter which contained defamatory comments. Defendants answered and filed a reconventional demand for damages and for a temporary restraining order, claiming that Hussain had committed acts of slander and libel.
Thereafter, the parties entered into a settlement agreement which provided that Hussain would pay Defendants $3,500.00 in damages.[1] Each party would | ..¡refrain from distributing material about the other party and Hussain would refrain from disruptive behavior at activities over which Defendants presided or attended. The agreement further provided that, should Hussain violate the settlement agreement, Defendants would be entitled to liquidated damages of $8,000.00, plus attorney’s fees and costs.[2] The agreement provided that the suit was dismissed in its entirety, with each party to bear their own costs.
When Hussain failed to sign the settlement agreement, Defendants filed a motion to enforce. The trial court granted the motion, and ordered that the settlement agreement be made the judgment of the court. Hussain filed two separate motions to vacate the settlement agreement, which were both denied by the trial court.
Approximately four months after the trial court signed the judgment containing the settlement agreement, Defendants *283 filed a rule seeking payment for breaches of the settlement agreement. Defendants alleged that Hussain violated paragraph 2 of the settlement agreement on four separate occasions, by making false accusations, creating public outbursts and disruptions, and engaging in verbal altercations. Thereafter, Defendants filed a supplemental rule, alleging a fifth violation of the settlement agreement.
|4After a hearing, the trial court found Hussain to be in breach of the agreement and it awarded Defendants $3,500.00 in damages. Defendants appealed from the award of damages, assigning as error the following: “The district court erred in awarding only $3,500.00 in damages rather than the amount stipulated by the Consent Judgment, which is $40,000.00 plus interest from date of judgment.”[3]
La. C.C. Art. 3071 provides:
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing. This contract must be either reduced to writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.
The compromise instrument is governed by the same general rules of construction applicable to contracts. Brown v. Drillers, Inc., 630 So.2d 741, 748 (La.1994).
Under Louisiana law, parties to a contract may stipulate the damages to be recovered where there is a nonperformance, defective performance, or delay in performance of an obligation. La. C.C. art. 2005. A stipulated damages clause is designed to fix the measure of damages in advance and to help ease the burden of proving loss with certainty, and therefore no showing of pecuniary or other actual damage is required to enforce the clause. Henderson v. Ayo, 2011-1605 (La.App. 4 Cir. 6/13/12), 96 So.3d 641, 646.
Our review is governed by the manifest error/clearly wrong standard. It provides that the factual findings made by the trier of fact are entitled to great weight on appellate review, and will not be set aside in the absence of “manifest | r,error” or unless it is “clearly wrong.” Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). The standard of review for a damage award for breach of contract is whether the trial court abused its discretion. Henderson v. Ayo, supra at 644.
Although the trial court did not give reasons for judgment, it is clear from the judgment that the court found that Hus-sain failed to pay the original sum negotiated in the settlement agreement, which is supported by the evidence, and therefore awarded that sum to Defendants.[4] In refusing to award the sum for the liquidated damages, the trial court apparently found that the evidence presented by Defendants failed to prove that Hussain had breached the settlement agreement in the subsequent events.
*284 Defendants presented the testimony of two persons who were present during the times in question who testified that Hus-sain was disruptive, loud, argumentative and defamatory. However, the witnesses could not remember what was actually said. Hussain also testified and denied the alleged disruptive behavior. Based on the record before us, we do not find that the trial court committed manifest error or was clearly wrong in not awarding liquidated damages. We find no merit to Defendants’ assignment of error.
For the above discussed reasons, the judgment of the trial court is affirmed. All costs are assessed against appellants.
AFFIRMED.

. Paragraph 2 of the settlement agreement provides that:
Together with the other benefits provided herein, Plaintiff enters into this Agreement for and in consideration of Defendants' and Re-conventional Plaintiffs’ payment of Thirty Five Hundred ($3,500.00) Dollars and no/100 to RIAZ HUSSAIN, payable within 15 days of the execution of this agreement, and in exchange for the mutual restraining order, which states as follows:
a. All parties agree to refrain from writing, publishing, passing out, distributing, or causing to be written, passed out, distributed or disseminated any letters, leaflets, or any written material whatsoever about the other party, whether believed to be true, or not.
b. Riaz Hussain agrees to refrain from disrupting, shouting at or interrupting any meetings, gatherings, prayer services, conventions, conferences or activities of any kind presided over, or the responsibility of any of the defendants and plaintiffs in reconvention, or attended by both parties, wherever said meetings may be held.
c. Riaz Hussain further agrees to refrain from any and all behavior complained of in defendants’ and plaintiffs’ in reconvention answers and complaints, original and amended, and, although defendants and plaintiffs in re-convention have never participated in such behavior, defendants and plaintiffs in recon-vention agree to refrain from any such behavior.

. Paragraph 11 of the settlement agreement provides that:
The parties agree that they I) will keep the nature and particulars of this Agreement confidential and pledge not to release any information concerning same to any person at any time except: as required by law, to secure advice from a legal or tax advisor, or in a legal action to enforce the terms of this Agreement; and ii) will not engage in any expressions or communications of any sort or any actions, either directly or through any other person or entity, which disparage (or tend to disparage), harass or intimidate (or tend to harass or intimidate) any Released Party either as statements of opinion or of fact or as actions. In this regard, Plaintiff agrees to pay Defendants the sum of EIGHT THOUSAND DOLLARS ($8,000.00) should he breach any of the obligations established in this agreement and agree that this sum represents reasonable stipulated damages for such a breach. It is expressly agreed and understood that the provisions of this paragraph are material terms of this Agreement. It is understood that the provisions of this paragraph do not preclude truthful responses by Plaintiff to inquiries which he is required to answer as a matter of law.

. A certified letter of filing of appeal was sent to Hussain, however it was returned unclaimed. Hussain did not file a brief in this matter.

. The correctness of this award was not challenged by either Defendants or Hussain, and is not addressed in this appeal. URCA 1-3.