EDWIN A. LOMBARD, Judge.
LThe Appellant, Scott G. Wolfe, Sr., seeks review of the June 26, 2014 judgment of the trial court granting the “Motion to Impose Liquidated Damages Pursuant to Breach of November 15, 2013 Settlement Agreement” of the Appellee, Omar Hamdan, and awarding him $5,000 in liquidated damages and $1,500 in attorney’s fees. Finding that the judgment of the trial court is not manifestly erroneous or clearly wrong, we affirm.
Facts and Procedural History
This appeal involves a dispute over whether liquidated damages and attorney’s fees were properly awarded to Mr. Ham-dan pursuant to a November 15, 2013 Settlement Agreement executed by the parties. From 2007 to 2009, the parties had a business relationship that involved Mr. Hamdan renting immovable property from Mr. Wolfe in Orleans Parish. Their business relationship later ended in November 2009, as a result of alleged threatening statements made by Mr. Hamdan to Mr. Wolfe.
*1156 Mr. Wolfe avers that in 2012, he had several meetings with federal law enforcement agents who advised him that Mr. Hamdan was making threats on his 1 plife and the life of his family. He further alleges that he received information from third parties that he was in danger of physical harm and acted to protect himself and his family.
In June 2013, Mr. Wolfe filed a Petition for Preliminary Injunction and Final Injunction against Mr. Hamdan. He pled that he had a good faith fear for his personal safety and that he feared potential physical injury. He requested an injunction prohibiting Mr. Hamdan from having further contact with him, and prohibiting Mr. Hamdan from being within 100 feet of him. In response, Mr. Hamdan filed an Answer, Reconventional Demand, Motion to Strike, Motion to Dismiss Petition, and a Request for Live Testimony with supporting affidavits. Prior to the filing of Mr. Wolfe’s injunction, the parties were involved in contentious litigation involving Mr. Wolfe’s ownership of immovable property located in Orleans Parish.
On September 18, 2013, the trial court held an evidentiary hearing on Mr. Wolfe’s request for an injunction. At the conclusion of the hearing, the matter was left open and continued without date, but was later rescheduled for hearing on December 12, 2013.
In November 2013, Mssrs. Wolfe and Hamdan, as well as other persons, executed a global Settlement and Release Agreement (the “Settlement Agreement”), which provided that no party could “file, or continue to pursue already filed, claims.” The Settlement Agreement further stated that a breach of that provision would render the breaching party liable for liquidated damages of $5,000 and attorney’s fees.
Mr. Wolfe filed a Motion to Dismiss Without Prejudice on December 6, 2013. Mr. Hamdan filed an opposition to the motion requesting a dismissal with |sprejudice, as well as an award of $5,000 in liquidated damages and $1,500 in related attorney’s fees.
In December 2013, the trial court held a hearing on Mr. Wolfe’s Motion to Dismiss Without Prejudice, and also heard arguments regarding Mr. Hamdan’s request for liquidated damages and attorney’s fees. The trial court orally ruled in favor of Mr. Hamdan, granting the dismissal with prejudice and awarding Mr. Hamdan $5,000 in liquidated damages and $1,500 in related attorney’s fees.
Following the trial court’s issuance of its signed judgment, Mr. Wolfe moved for a new trial on the award of attorney’s fees and liquidated damages. The trial court granted Mr. Wolfe’s Motion for New Trial holding that Mr. Hamdan’s request for liquidated damages and attorney’s fees had not been made in a pleading, and was therefore not properly before the court at the time of the previous hearing.
Thereafter, Mr. Hamdan filed a “Motion to Impose Liquidated Damages Pursuant to Breach of November 15, 2013 Settlement Agreement” seeking the same award of liquidated damages and attorney’s fees that he previously requested. At the hearing on Mr. Hamdan’s motion, the court granted the motion and awarded Mr. Hamdan $5,000 in liquidated damages and $1,500 in attorney’s fees pursuant to the Settlement Agreement.
Mr. Wolfe’s timely suspensive appeal followed wherein he raises two (2) assignments of error:
1. The trial court erred by awarding Mr. Hamdan liquidated damages and attorney’s fees because Mr. Wolfe did not breach the Settlement Agreement, as he did not “file, or pursue any already filed” claims against Mr. Hamdan; and
*1157 |42. The trial court erred by awarding Mr. Hamdan liquidated damages because the Settlement Agreement contained an exception providing that, liquidated damages could not be awarded for claims related to a potential physical injury, and this suit was filed to protect Mr. Wolfe against potential physical injury.
Standard of Review
A trier of fact’s factual conclusions respecting a breach of contract claim are governed by the manifest error or clearly wrong standard of review. See Tarifa v. Riess, 02-1179, p. 10 (La.App. 4 Cir. 5/7/03), 856 So.2d 21, 27, as clarified on reh’g (9/3/03). Where there are two permissible views of the evidence, the trier of fact’s choice between them cannot be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). However, where one or more trial court legal errors interdict the fact-finding process, the manifest error standard is no longer applicable, and, if the record is otherwise complete, the appellate court should make its own independent de novo review of the record and determine a preponderance of the evidence. Evans v. Lungrin, 97-0541, 97-0577, pp. 6-7 (La.2/6/98), 708 So.2d 731, 735.
Erroneous Interpretation of the Settlement Agreement
In his first assignment of error, Mr. Wolfe argues that the trial court erroneously interpreted the following Settlement Agreement language: “[t]he Parties agree that after the effective date of this Agreement, they will not file, or continue to pursue already filed, claims.” The Settlement Agreement states that if this provision is breached, liquidated damages of $5,000 shall be awarded.
Mr. Wolfe argues that Louisiana law is well-settled that “[wjhen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent.” He contends that the 1 (¡relevant contractual language at issue is clear and unambiguous in that only two claim-related events can trigger liquidated damages: 1) the filing of a new claim, or 2) the pursuit of an already-filed claim. However, he maintains that Mr. Hamdan did not prove that he filed a new claim because the suit he sought to dismiss was filed in June 2013, prior to the execution of the Settlement Agreement. Thus, all claims at issue in this suit were filed before the Settlement Agreement took effect. Mr. Hamdan, he further argues, did not prove that he was pursuing an already-filed claim. Therefore, Mr. Wolfe asserts the trial court’s award of liquidated damages and attorney’s fees should be reversed.
According to Mr. Wolfe, Mr. Hamdan is not entitled to liquidated damages under the Settlement Agreement because liquidated damages are only warranted if a party shall “file ... claims, complaints, or investigations.” Mr. Wolfe points out that at the hearing on his Motion for New Trial,. Mr. Hamdan’s counsel acknowledged that Mr. Wolfe had not filed any new claims. Thus, Mr. Wolfe argues that he did not breach the Settlement Agreement.
Additionally, Mr. Wolfe contends that he did not pursue an already filed claim against Mr. Hamdan by filing his Motion to Dismiss Without Prejudice. Mr. Wolfe avers that he made no attempt to prosecute the claims asserted herein; rather, he acted to dismiss his pending claims. The trial court, he contends, erroneously held that his filing of a Motion to Dismiss Without Prejudice constituted the “pursuit” of a claim against Mr. Hamdan tantamount to a breach of the Settlement Agreement. He argues that moving for dismissal of his claims against Mr. Hamdan does not *1158 equate to “pursuing” a claim, but quite the opposite.
“A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation | f;or other legal relationship.” La. Civ. Code art. 3071. A contract is the law between the parties, and the parties will be held to full performance in good faith of the obligations flowing from the contract. Henderson v. Ayo, 11-1605, p. 5 (La.App. 4 Cir. 6/13/12), 96 So.3d 641, 645 (citing La. Civ. Code art. 1983). When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. La. Civ. Code art. 2046.
In the instant matter, Section 12 of the Settlement Agreement, entitled Liquidated Damages, provides in pertinent part:
The Parties agree that after the effective date of this Agreement, they will not file, or continue to pursue already filed, claims, complaints, or investigations ... The Parties agree that the time and expenses involved in proving in any forum the actual damage or loss suffered by the other Party [,] if there is a breach of this paragraph, make this case appropriate for liquidated damages. Accordingly, instead of requiring any proof of loss, the Parties agree that as liquidated damages for any single incident or breach of this paragraph (but not as a penalty) the breaching Party shall pay to the other Party $5,000. The recovering Party shall recover its attorneys’ fees in connection with any claim based on the breach of this paragraph.
Additionally, Section 13 of the Settlement Agreement, entitled Dismissal of Claims, states in pertinent part that: “the Parties shall execute dismissals with prejudice with the exchange of documents.” However, as previously stated, Mr. Wolfe moved for dismissal without prejudice. Mr. Hamdan contends, and the trial court determined, that Mr. Wolfe breached the Settlement Agreement in moving for a dismissal without prejudice in violation of the Settlement Agreement.
“A judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial. A judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action.” La. |7Code Civ. Proc. art. 1673. Had Mr. Wolfe’s motion for dismissal been granted, he would not have been barred from filing another suit on “the same cause of action” against Mr. Hamdan. This is in direct contravention of the Settlement Agreement wherein the Parties settled their pending claims. Considering the distinction between the two types of dismissals and the terms of the Settlement Agreement, we do not find that the district court manifestly erred or was clearly wrong in determining that Mr. Wolfe breached the Settlement Agreement by moving for dismissal without prejudice and, as a result, awarding liquidated damages and attorney’s fees against him.
Exception for Potential Physical Injury Related Claims
In his second assignment of error, Mr. Wolfe argues that liquidated damages and attorney’s fees are not warranted because the Settlement Agreement contains an exception for claims related to “potential physical injury,” and the instant suit was filed to protect against potential physical injury to Mr. Wolfe. Mr. Wolfe points out that even if, assuming arguendo, he did “pursue” a claim in this suit, the trial court still erred in awarding liquidated damages under the terms of the exception.
Mr. Wolfe cites to the following Settlement Agreement language: “liquidated damages will not be warranted ... if the Party feels the need to file a complaint to protect against physical injury or potential *1159 physical injury.” This provision, he argues, applies to the present case, as this suit was filed in an effort to protect himself against potential injury. In the Petition for Preliminary Injunction and Final Injunction, Mr. Wolfe avers that he pled that he feared for his personal safety and feared potential physical injury. He maintains that he did not ask for any monetary damages or any relief other than a stay-away order against Mr. RHamdan. Thus, it is beyond dispute, he avers, that the claims in this injunction proceeding related only to Mr. Wolfe’s efforts to protect against potential physical injury. He argues that the trial court erred by ignoring this exception under the Settlement Agreement and awarding liquidated damages and attorney’s fees to Mr. Hamdan.
Having determined that the previous assignment of error is without merit because Mr. Wolfe’s motion to dismiss was filed in direct contravention of Section 13 of the Settlement Agreement that specifically pertains to the Dismissal of Claims, we similarly find this assignment of error to be without merit. Mr. Wolfe violated the specific portion of the Settlement Agreement that controlled how pending claims were to be dismissed. Mr. Wolfe attempted to preserve his right to pursue the claims that he settled when he moved for dismissal of the injunction proceeding without prejudice. Furthermore, Mr. Wolfe does not assert that, following the execution of the Settlement Agreement, he was again threatened by Mr. Hamdan, and, thus, acted to preserve his claims. For these reasons, we find that the trial court did not err in granting Mr. Ham-dan’s motion and awarding him liquidated damages and attorney’s fees.
DECREE
For the foregoing reasons, the judgment of the trial court, granting Omar Ham-dan’s Motion to Impose Liquidated Damages and awarding liquidated damages of $5,000 and $1,500 in attorney’s fees, is affirmed.
AFFIRMED